# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM GOEBEL, | |
| Plaintiff, | |
| v. | CASE NO. 08-cv-560-JPG |
| REV. ROBERT JOHNSTON, and THE CATHOLIC ARCHDIOCESE OF ST. LOUIS, a religious corporation, | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) filed by the defendant Archdiocese of St. Louis ("Archdiocese") (Doc. 9). Plaintiff William Goebel has responded to the motion (Doc. 25) in which he objects to dismissal for lack of personal jurisdiction but proposes the alternative of transferring this case to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a). In a telephone status conference on January 14, 2009, the plaintiff and Johnston consented to such a transfer. The Archdiocese did not consent to a transfer.

Under § 1404(a), the Court may *sua sponte* transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties' relative bargaining power, and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). A court may refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625.

The Archdiocese has requested dismissal for lack of personal jurisdiction in the Southern District of Illinois and in doing so has raised serious jurisdictional questions. None of those questions would exist had this case been brought in the Eastern District of Missouri, where it is clear that the federal court would have jurisdiction over all defendants. Furthermore, all other parties have consented to a transfer to the Eastern District of Missouri, so the plaintiff's choice of an Illinois forum holds no sway. In addition, the Eastern District of Missouri would be equally, if not more, convenient to the defendants because both of them reside in or are located in Missouri. As for the convenience of the witnesses, this factor weighs neither for nor against transfer. Wrongful acts are alleged to have occurred in the Eastern District of Missouri and the Southern District of Illinois, adjoining federal judicial districts. Transferring the case would likely be slightly more convenient for witnesses residing in Missouri and slightly less convenient for witnesses residing in Illinois, so this factor is a wash. Finally, the Court believes the Eastern District of Missouri has a greater interest than the Southern District of Illinois in deciding cases involving an archdiocese located in that district and a priest practicing there. The interests of justice therefore favor a transfer.

For these reasons, the Court finds that a transfer is warranted under § 1404(a), **TRANSFERS** this case to the United States District Court for the Eastern District of Missouri and **DENIES as moot** the Archdiocese's motion to dismiss (Doc. 9).

**IT IS SO ORDERED.**
**Dated this 15th of January 2009.**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **UNITED STATES DISTRICT JUDGE**