UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GOEBEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-106 (CEJ) |
| ) | |
| REV. ROBERT JOHNSTON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions for summary judgment filed separately by defendant the Archdiocese of St. Louis and defendant Rev. Robert Johnston. Plaintiff William Goebel has not responded to the motions, and the time allowed for doing so has expired. In light of plaintiff's failure to respond, defendants Archdiocese and Johnston have also filed motions to have facts deemed admitted, legal arguments waived, and for entry of judgment pursuant to Local Rule 7-4.01(B) and (E).

I.   Background

Plaintiff brings this action to recover damages stemming from alleged abuse he sustained when he was a minor. Plaintiff, born on August 16, 1973, alleges in his complaint that defendant Johnston sexually abused him on various occasions between 1979 and 1982 while Johnston was employed by the Archdiocese of St. Louis.[1] Plaintiff filed this action on June 30, 2008. The only remaining claim against the Archdiocese is intentional failure to supervise (Count VII). The remaining claims against Johnston

---

[1] Plaintiff testified in his deposition that the alleged abuse may not have ended until 1984, but he was not certain.

are assault and battery/sexual abuse of a child (Count I), negligence (Count II), and intentional infliction of emotional distress (Count III).

The Archdiocese asserts that plaintiff's intentional failure to supervise claim is barred by the five-year statute of limitations set forth in Mo. Rev. Stat. § 516.120(4). Further, the Archdiocese argues that plaintiff can also not sustain the action under Missouri common law because the "premises element" required for an intentional failure to supervise claim has not been satisfied. Johnston asserts that the 10-year limitations period set forth in Mo. Rev. Stat. § 537.046 bars plaintiff's assault and battery/sexual abuse of a child claim, and that the five-year limitations period of Mo. Rev. Stat. § 516.120(4) bars plaintiff's negligence and intentional infliction of emotional distress claims.

## II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other

evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

Local Rule 7-4.01(B) provides that "[a] party opposing a motion for summary judgment under Fed. R. Civ. P. shall file a memorandum and any appropriate documentary evidence twenty-one days after being served with the motion." Local Rule 7-401(E) further instructs: "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Defendant Archdiocese filed its motion for summary judgment on June 29, 2012 and defendant Johnston filed his motion for summary judgment on August 8, 2012. Plaintiff has not responded to either motion in the time allotted under the Local Rules. Accordingly, the Court will deem each fact contained in both defendants' statements of uncontroverted material facts, which are attached to their respective motions for summary judgment, as admitted. The Court will also treat all arguments in opposition to defendants' motions for summary judgment waived.

III. Discussion

Mo. Rev. Stat. § 516.120(4) provides that an action "for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated" must be brought within five years of when the cause of action accrues.

If a cause of action accrues when the individual is under twenty-one years of age, the statute of limitations will not begin to run until that person reaches the age of twenty-one years. Mo. Rev. Stat. § 516.170. The five-year limitations period set forth in § 516.120(4) applies to plaintiff's claim of intentional failure to supervise against defendant Archdiocese and plaintiff's claims of negligence and intentional infliction of emotional distress against defendant Johnston. Because the alleged acts accrued while plaintiff was a minor, it is uncontested that the statute of limitations should, at minimum, be tolled until his twenty-first birthday on August 16, 1994.

A claim can be further tolled when a plaintiff adequately brings forth evidence of a repressed memory. See Powel v. Chaminade, 197 S.W.3d 576 (Mo. 2006); Mo. Rev. Stat. § 516.100. Although plaintiff's first amended complaint alleges that the sexual abuse and the circumstances under which it occurred caused plaintiff to develop a repressed memory until approximately early 2004, plaintiff testified that he had not read or seen the first amended complaint and that numerous parts of the complaint were factually inaccurate. (Pl.'s Dep. at 36-41).

Specific to the question of whether plaintiff repressed his memory of the sexual abuse to justify further tolling of the statute of limitations past the date of plaintiff's twenty-first birthday, plaintiff testified:

> Q: So you let it [the sexual abuse] happen. It was kind of a quid pro quo. You just put up with it because you wanted to come to the [St. Louis Cardinal] games and go to the hotel and be like the big boys?
>
> A: Correct.
>
> Q: But you always remembered these incidents?
>
> A: Yes.

Q: You never forgot them with Johnston or with Campbell[2] --

A: No.

Q: Correct?

A: I couldn't forget about coming down to St. Louis, these games and the hotel. I forget a lot of stuff that happened with Campbell because it was just so repetitive.

Q: Right. But you didn't forget what happened with these games with Johnston?

A: Yeah. For the most part, I totally remember.

(Pl.'s Dep. at 52).

When questioned about the accuracy of the first amended complaint in regard to the allegation of a repressed memory, plaintiff testified:

Q: Page 29, please? You have that document? Exhibit 1? Would you go to paragraph 101? It says, "That is," it's a typo, "That is was not until approximately early 2004 that Plaintiff began having recurring visions of the abuse suffered at the hands of Reverend Johnston with said visions being brought on through several different factors." That's not a correct statement --

A: That's not correct.

Q: Because you always remembered --

A: I always knew it happened.

Q: Right.

A: It just wasn't.

Q: It wasn't in your, it's not something you're going to bring up in your memory all the time?

A: That was, that was like, you know, something on the side there. It was

Q: It's in your past?

---

[2] Rev. Alvin Campbell was employed by the Diocese of Springfield, Illinois, which is not within the Archdiocese of St. Louis.

A: Yeah. You know.

(Pl.'s Dep. at 59-60).

Because the evidence in this case supports a finding that plaintiff was always cognizant that he was a victim of sexual abuse, plaintiff's damages were capable of ascertainment when he reached age twenty-one. See Dempsey v. Johnston, 299 S.W.3d 704 (Mo. Ct. App. 2009) ("Plaintiff has always had knowledge of the facts constituting the abuse and has always known that he was a sexual abuse victim. His damages, therefore, were sufficient to place a reasonably prudent person on notice of a potentially actionable injury."). Because plaintiff filed his intentional failure to supervise,[3] negligence, and intentional infliction of emotional distress claims more than five years after plaintiff attained the age of twenty-one, these causes of action are barred by the statute of limitations as set forth by Mo. Rev. Stat. § 516.120(4).

Plaintiff's assault and battery/sexual abuse of a child claim is governed by a special statute of limitations, which states:

> Any action to recover damages from injury or illness caused by childhood sexual abuse . . . shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs.

Mo. Rev. Stat. § 537.046.2.

---

[3] Plaintiff's intentional failure to supervise claim would independently fail under Missouri common law because the Archdiocese was only under a duty to control defendant Johnston when he was on its premises or when he was using its chattel. See Doe v. Roman Catholic Archdiocese of St. Louis, 347 S.W.3d 588, 591-594 (Mo. Ct. App. 2011); Gibson v. Brewer, 952 S.W.2d 239, 248 (Mo. 1997). Based on the uncontroverted evidence, the alleged sexual abuse by Johnston did not occur on the premises of the Archdiocese or while Johnston was using chattel owned by the Archdiocese.

Missouri courts have recognized the literal distinction between the 'discovery' standard, under § 537.046, and the 'capable of ascertainment' standard used for other causes of action." Walker v. Barrett, 650 F.3d 1198, 1206 (8th Cir. 2011). "But, to date, Missouri courts have not addressed whether the discovery standard operates differently, in practice, than the capable of ascertainment standard." Id. "Indeed, some Missouri courts have apparently treated the standards as functional equivalents." Id. See e.g. Dempsey v. Johnston, 299 S.W.3d 704 (Mo. Ct. App. 2009) (court used capable of ascertainment standard for § 537.046). Relying on the above analysis, the Court finds that plaintiff's damages should reasonably have been discovered or were capable of ascertainment prior to plaintiff's twenty-first birthday. As such, plaintiff was required to file his sexual abuse of a child claim on or before August 16, 2001, ten years after his twenty-first birthday.

\* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Archdiocese of St. Louis for summary judgment [Doc. #107] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Rev. Robert Johnston for summary judgment [Doc. #112] is **granted**.

**IT IS FURTHER ORDERED** that the defendants' motions to have facts deemed admitted, legal arguments waived, and for entry of judgment [Doc. #114 and # 115] are **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2012.